## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02275

FRAC SHACK INC.,

    Plaintiff,

v.

ATLAS OIL COMPANY, and
ATLAS ENERGY SERVICES, LLC,

    Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Frac Shack Inc. ("Frac Shack") files this Original Complaint against Atlas Oil Company and Atlas Energy Services, LLC ("Atlas") and alleges, based on its own personal knowledge and based on information and belief with respect to the actions of Atlas, as follows:

### NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, for infringement of one or more claims of United States Patent number 9,346,662, (the "'662 Patent"), issued May 24, 2016 to J. Todd Van Vliet, Scott M. Van Vliet and Glen M. Brotzel, entitled "Fuel Delivery System and Method." *See* Exh. A.

### THE PARTIES

2. Plaintiff Frac Shack is a Canadian Company organized and existing under the laws of Canada with a principal office at #145, 26229 Township Road 531A, Acheson, Alberta, Canada.

3. On information and belief, Atlas Oil Company is organized under the laws of the State of Michigan, with a principal office located at 24501 Ecorse Road, Taylor, Michigan 48180. Atlas Oil company can be served through its registered agent, The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

4. On information and belief, Atlas Energy Services, LLC, f/k/a Atlas Oil Field Services, LLC, is organized under the laws of the State of Colorado, with a principal place of business located at 23691 Highway 263, Greeley, Colorado 80631. Atlas Energy Services, LLC can be served through its registered agent, McNab Stewart, 1600 Stout Street, Suite 1700, Denver, Colorado 80202.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, personal jurisdiction over Atlas is proper because Atlas does business on a regular and continuous basis in the State of Colorado, Atlas Energy Services, LLC, has a permanent, physical place of business in the State of Colorado, and has infringed the patent which is the subject of this suit in the State of Colorado.

8. On information and belief, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Atlas is subject to personal jurisdiction in this District, Atlas regularly conducts business in the State of Colorado and has committed acts of infringement as described in this complaint in the State of Colorado.

## FACTUAL BACKGROUND

9. The '662 Patent was duly and legally issued to Frac Shack Inc. on May 24, 2016. All substantial rights to the '662 Patent, including the rights to sue and recover for all past, present, and future damages for infringement, has been assigned to Frac Shack. Frac Shack has owned the '662 Patent throughout the time period of the alleged infringing acts described herein.

10. Frac Shack provides modular solutions for fuel delivery that reduce significantly the health, safety and environmental risks associated with fueling operations during hydraulic fracturing. Frac Shack's modular solution is called the Frac Shack and it uses the technology of the '662 Patent. Frac Shack's modular solution has been marked with the '662 Patent number in a manner such that it satisfies the requirements of 35 U.S.C. § 287.

11. On information and belief, Atlas has been aware of the '662 Patent.

12. On information and belief, Atlas has been using in the United States modular solutions for refueling during hydraulic fracturing operations, including in the State of Colorado. Atlas calls at least one of its solutions the Atlas Fuel Automation Station.

13. On information and belief, the Atlas Fuel Automation Station infringes at least claims 1-4 and 7-12 of the '662 Patent because Atlas makes, uses, sells offers to sell or imports into the United States, without authority, the Atlas Fuel Automation Station.

14. Upon a reasonable opportunity for discovery, it is likely that Frac Shack will be able to identify additional claims which the Atlas Fuel Automation Station infringes.

15. On information and belief, including the Atlas promotional material which can be viewed at

https://www.youtube.com/watch?v=pl6NjmFUDHc

the following describes Atlas Fuel Automation Station:

a. The Atlas Fuel Automation Station is a modular plug and play fuel delivery system used to deliver fuel to the fuel tanks of multiple pieces of equipment at a hydraulic fracturing work site.

b. The Atlas Fuel Automation Station includes a fuel source with two manifolds connectable to a fuel supply.

c. Each of the manifolds of the Atlas Fuel Automation Station has multiple fuel outlets, each fuel outlet has an electrically operable valve and a hose connection.

d. The Atlas Fuel Automation Station includes twenty hoses, each of which is deployed from a hose reel. Each of the hoses has a first end which is connected to one of the multiple fuel outlets. Each of the hoses has a second end which is connectable, via a cap-type fuel delivery connection, to a fuel tank associated with a different piece of fuel-consuming equipment.

e. The Atlas Fuel Automation Station includes an Inside Command Center which includes a control system that, among other things, automatically controls the flow of fuel to each of the fuel tanks.

f. Each combination of fuel outlet, hose and fuel delivery connection has associated with it a guided wave radar technology level sensor which is configured to provide real time monitoring of the fuel level in the equipment fuel tank with which the combination is associated.

g. If the level of a fuel in a fuel tank is low, the Inside Command Center control system can direct the electrically controlled valve associated with that fuel tank to

        open to Start Filling through the hose connected to that fuel tank. If the level of fuel in that fuel tank is high, the Inside Command Center control system can direct that electrically controlled valve to close and Stop Filling and thus prevent fuel from flowing through the hose to that fuel tank.

    h. The Atlas Fuel Automation Station Inside Command Center control center includes a real time graphic display of the operation of the fuel delivery system, which includes an indication of the levels of fuel of the various fuel tanks. For each equipment fuel tank, the Atlas system depicts the "low level," at which the control system will Start Filling the fuel tank and the "high level" at which the control system will Stop Filling the fuel tank.

    i. The Atlas Fuel Automation Station Inside Command Center control system has provisions for allowing an operator to use the control system to manually issue signals to open and close the electrically operated valves.

    j. The Atlas Fuel Automation Station Inside Command Center control system monitors fuel consumption for each piece of equipment.

16. The Atlas Fuel Automation Station, configured with these features, infringes at least claims 1-4 and 7-12 of the '662 Patent. Upon a reasonable opportunity for discovery, it is likely that Frac Shack will be able to identify additional claims which Atlas infringes.

17. Atlas's continued infringement is causing severe and irreparable harm to Frac Shack by interfering with its exclusive patent rights, confusing its customers, interfering with its market position, causing price erosion, causing lost profits, harming its reputation and causing loss of goodwill.

18. On information and belief, Atlas's infringement of the '662 Patent has been and is willful, deliberate and in disregard of Frac Shack's patent rights, and Frac Shack is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees pursuant to 35 U.S.C. §§ 284; 285.

19. A remedy at law will not suffice in place of a permanent injunction.

## COUNT I
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271

20. The facts and allegations as stated in paragraphs 1 to 19 are incorporated by reference.

21. Atlas has directly infringed, literally or under the doctrine of equivalents, at least claims 1-4 and 7-12 of the '662 Patent by making, using, selling, offering to sell and/or importing into the United States, without authority, its Fuel Automation Station in the State of Colorado and the United States without a license to the '662 Patent. Upon a reasonable opportunity for discovery, it is likely that Frac Shack will be able to identify additional claims which Atlas infringes.

## DEMAND FOR JURY TRIAL

22. Frac Shack requests a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

Plaintiff Frac Shack respectfully requests that this Court enter judgment in its favor against Atlas and grant the following relief:

A. A declaration that Atlas has infringed one or more claims of the '662 Patent;

B.     A permanent injunction preventing each defendant and its officers, directors, agents, servants, assigns, and those in active concert and participation with any of them from infringing the '662 Patent.

C.     A ruling that this case be found exceptional under 35 U.S.C. § 285, and a judgment awarding Frac Shack its reasonable attorneys' fees and costs incurred with prosecuting this action;

D.     A judgment that requires Atlas to pay Frac Shack damages under 35 U.S.C. § 284, including supplemental damages for any continuing, post-verdict infringement until the entry of final judgment, with an accounting as necessary;

E.     A judgment that Atlas's infringement is willful and award Frac Shack enhanced damages pursuant to 35 U.S.C. § 284, up to and including trebling Frac Shack's damages, based on Atlas's willful infringement of the '662 Patent;

F.     A judgment and order requiring that in the event a permanent injunction preventing further acts of infringement is not granted, that Frac Shack be awarded a compulsory ongoing licensing fee;

G.     A judgment awarding Frac Shack costs under 28 U.S.C. § 1920; and

H.     Such other legal and equitable relief to which Frac Shack is entitled or which this Court deems just and proper.

Dated: September 9, 2016

Respectfully submitted,
*s/ Edward W. Goldstein*
Edward W. Goldstein
Goldstein Law, PLLC
710 N. Post Oak, Suite 120
Houston, Texas 77024
Telephone: (713) 209-4208
egoldstein@gliplaw.com

Gary Fischman
Fischman Law PLLC
710 N. Post Oak Blvd, Suite 105
Houston, Texas 77024
Telephone: (713) 900-4924
Email: fischman@fischmaniplaw.com

*Counsel for Plaintiff*
*Frac Shack Inc.*